ALMON, Justice.
Petitioner, Jerry Leverne Tarvin, was tried before a jury and convicted of arson in the first degree on April 20, 1985. The Court of Criminal Appeals affirmed his conviction and extended that opinion on application for rehearing. 527 So.2d 752 (Ala.Cr.App.1986). This Court granted certiorari to address two issues: First, whether there was sufficient evidence presented to the jury to sustain a conviction; second, whether it was error for the trial court to charge the jury on complicity.
The opinion below explains the facts surrounding the fire in detail so they will be restated here only as is necessary to address the stated issues. On April 26,1983, at approximately 3:30 a.m., the Camillia Court Apartments burst into flames. The complex is described as a “housing project” which has vacant apartments scattered throughout, which are used as gathering places by tenants and transients alike. The fire started in one such vacant apartment while Tarvin and two friends were socializing and drinking wine. The apartment where the fire began was directly below that of Ms. Geneva Smith, who lived there with her two children. Her testimony was that approximately four weeks prior to the fire she heard Tarvin say, “I hate [these] apartments, they need to bum them down.” The evidence also showed that Tarvin and Smith had an argument the day before the *760 fire, which resulted in her calling the police.
Tarvin admits he was in the vacant apartment with Gary Pickens, a/k/a “Stardog,” and Calvin Jordan when the fire erupted that night. Pickens allegedly asked Tarvin for his lighter, a request which he complied with. According to Tarvin, Pickens proceeded to light a cigarette and then started a trash fire in the apartment; he said that he was going to bum the place down. Tar-vin claims that he left after he put out two trash fires which Pickens had started. Tarvin’s testimony was that he exited the apartment when Pickens lit the third trash fire and the apartment began to fill with smoke. It has been his contention that Pickens, whose whereabouts are now unknown, started the fire that night and that he merely tried to prevent it.
The State presented a host of witnesses to refute Tarvin’s defense. Assistant Fire Chief George Kemp was called to testify regarding the fire. He was called to the scene shortly after the fire erupted and found the building engulfed in flames. His inspection revealed the presence of a distinct “bum pattern.” He testified that an accelerant had been poured on the floors and used to ignite the fire. His inspection revealed that gasoline or some other inflammable had been poured along the baseboard in the living room, kitchen, and stairwell. He explained that the use of an accelerant causes “spalling” of the foundation. Spalling is a deterioration of the concrete caused by intense heat and does not normally occur unless an accelerant has been used. He testified that a trash fire would never cause spalling in concrete.
The State also called Officer Willie Barrow of the Pritchard Police Department. Officer Barrow took photographs of the scene and took samples of the ash material. The samples were forwarded to the Department of Forensic Sciences. An agent from the Department of Forensic Sciences testified that the ashes submitted contained traces of gasoline and diesel fuel.
The State also called Charles Butter, an arson investigator from the Mobile Fire Department. His independent investigation corroborated that of Assistant Fire Chief Kemp in that both revealed that the fire originated in at least two points. He also detected spalling of the concrete. His investigation showed a flammable liquid of some sort had been used to start the fire. It was his opinion that if a trash fire had been lit in the apartment where the acceler-ant was present it would have caused an explosion.
First, Tarvin contended in the Court of Criminal Appeals that the State did not prove a prima facie case of arson in the first degree and that it was error for the trial court to deny his motion of acquittal. Based on the facts stated in the opinion below and those reiterated above, this Court agrees that there was sufficient evidence to constitute a prima facie case. The fact that Tarvin admits to being in the apartment when the fire began when considered in conjunction with the ample evidence that the fire was intentionally set, and his prior statement that the apartments should be burned down, is sufficient evidence to sustain the burden of proof. See Seagle v. State, 448 So.2d 481 (Ala.Cr.App.1984). Once the State has proven a prima facie case of guilt, the question of whether there is sufficient evidence to sustain a conviction is one for the jury. This Court will not substitute its judgment for that of the jury absent evidence that it is wrong and unjust. Williams v. State, 451 So.2d 411 (Ala.Cr.App.1984). In the present case there was ample evidence from which the jury could reasonably conclude that Tarvin intentionally started the fire or that he conspired with Pickens to start the fire.
After reviewing the record and the opinion below, this Court concludes that judgment of the Court of Criminal Appeals is due to be and is hereby affirmed.
AFFIRMED.